IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO.

JAMES STRUNK,

    Plaintiff,

v.

THE LAW OFFICES OF BRIAN S. GLASS, P.C.
and DIVERSE FUNDING ASSOCIATES, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Electronic Funds Transfer Act, ("EFTA"), 15 U.S.C. §§ 1693 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1692m(g), and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, and where Defendants transact business in this district.

### PARTIES

4. Plaintiff James Strunk ("Plaintiff") is a natural person, who at all relevant times resided in the State of Illinois, City of Springfield, and County of Sangamon.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1693a(6).

6. Defendant, The Law Offices of Brian S. Glass, P.C. ("Glass"), is a professional corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Glass is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Diverse Funding Associates, LLC ("Diverse"), is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

9. Diverse is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Glass.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Glass, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a HSBC personal credit card (the "Debt").

12. Glass uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Diverse purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14. Diverse acquired the Debt when it was in default.

15. Diverse is thoroughly enmeshed in the debt collection business, and Diverse is a significant and active participant in Glass' debt collection process.

16. Plaintiff was summoned to appear in court on June 15, 2012 to answer Diverse's complaint against Plaintiff. (See Summons, attached as Exhibit A).

17. On June 8, 2012, Plaintiff spoke with Glass' agent and/or employee "Angelo," and at such time, Plaintiff and "Angelo" agreed that starting on June 14, 2012, Glass would electronically transfer an amount of $105.00 from Plaintiff's checking account every two weeks to pay the alleged debt with Diverse.

18. Glass set up these automatic transfers by requesting Plaintiff's bank account and routing number.

19. At no time did Plaintiff provide Glass written preauthorization or its equivalent to electronically transfer $105.00 from his bank account every two weeks.

20. Glass did not send Plaintiff a copy of Plaintiff's written preauthorization to electronically withdraw funds in the amount of $105.00 from Plaintiff's bank account every two weeks.

21. During the June 8, 2012 conversation, "Angelo" told Plaintiff that because he had entered payment agreement, Plaintiff would not have to appear in the Circuit Court of Sangamon County on June 15, 2012.

22. Glass electronically transferred $106.75 from Plaintiff's checking account on June 14, 2012, June 28, 2012, July 12, 2012, July 26, 2012, August 9, 2012, and August 23, 2012.

23. Each of the above-described payments was comprised of the $105.00 amount as agreed upon by Plaintiff and Diverse, as well as an additional fee in the amount of $1.75.

24. Plaintiff was never told about nor authorized the $1.75 additional fee.

25. On July 13, 2012, a default judgment was entered against Plaintiff in the amount of $2,746.46 plus court costs and applicable interest in favor of Diverse. (See Judgment, attached as Exhibit B).

26. On August 31, 2012, Plaintiff was notified by his employer that it had been served with a writ of garnishment by Diverse ordering it to deduct 15% of Plaintiff's gross pay until the judgment was satisfied. (See August 31, 2012 Correspondence, attached as Exhibit C).

27. Plaintiff called Defendant's agent and/or employee "Angelo" on September 4, 2012, and at such time, "Angelo" told Plaintiff that there was nothing that can be done and Plaintiff would have to speak to one of Glass' attorneys.

28. Plaintiff repeatedly called and left messages for Glass' attorneys, and on September 10, 2012, Defendant's agent and/or employee "Angelo" called Plaintiff and told Plaintiff that the garnishment would not be set aside.

29. On September 13, 2012, Plaintiff contacted his bank to stop the automatic payments to Glass. (See Stop Payment Order, attached as Exhibit D).

30. By making a payment arrangement with Plaintiff on June 8, 2012 and stating that Plaintiff did not have to appear in court because of the arrangement, Glass, itself and on behalf of Diverse, made false representation in connection with the collection of Plaintiffs alleged debt and falsely represented the character and legal status of the alleged debt.

31. By adding an additional fee in the amount of $1.75 for each automatic payment that was taken, Glass, itself and on behalf of Diverse, collected an amount that was not authorized.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## GLASS

32. Plaintiff repeats and re-alleges each and every factual allegation contained above.

33. Glass violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Glass violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00;

c) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## DIVERSE

34. Plaintiff repeats and re-alleges each and every factual allegation contained above.

35. Glass violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

36. Diverse, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Glass, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Diverse violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00;

c) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)
## GLASS

37. Plaintiff repeats and re-alleges each and every factual allegation contained above.

38. Glass violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to: misrepresenting the character and legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Glass violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00;

 c) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

 d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

 e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

 f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)
## DIVERSE

 39. Plaintiff repeats and re-alleges each and every factual allegation contained above.

 40. Glass violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to: misrepresenting the character and legal status of Plaintiff's alleged debt.

 41. Diverse, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Glass, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

 WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that Diverse violated 15 U.S.C. § 1692e(10);

 b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

 c) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

 d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692f
## GLASS

42. Plaintiff repeats and re-alleges each and every factual allegation contained above.

43. Glass violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Glass violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692f
## GLASS

44. Plaintiff repeats and re-alleges each and every factual allegation contained above.

45. Glass violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt from Plaintiff.

46. Diverse, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Glass, the debt collector retained to collect an alleged debt from Plaintiff on its behalf

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Diverse violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00;

c) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692f(1)
## GLASS

47. Plaintiff repeats and re-alleges each and every factual allegation contained above.

48. Glass violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Glass violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in

      the amount of $1,000.00;

    c) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692f(1)
## DIVERSE

49. Plaintiff repeats and re-alleges each and every factual allegation contained above.

50. Glass violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt.

51. Diverse, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Glass, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Diverse violated 15 U.S.C. § 1692f(1);

    b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATIONS OF 15 U.S.C. § 1693e(a)
## GLASS

52. Plaintiff repeats and re-alleges each and every allegation contained above.

53. Glass violated 15 U.S.C. § 1693e(a) by initiating electronic fund transfers from Plaintiff's checking account at a substantially regular interval without having Plaintiff's written authorization or its equivalent and without sending Plaintiff a copy of such authorization.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Glass violated 15 U.S.C. § 1693e(a);

b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A) in the amount of $1,000.00;

c) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1693m(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

54. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 9th day of November, 2012.

        Respectfully submitted,
        **JAMES STRUNK**

        By:/s/Alex D. Weisberg
        ALEX D. WEISBERG
        FBN: 0566551
        WEISBERG & MEYERS, LLC
        ATTORNEYS FOR PLAINTIFFS
        5722 S. Flamingo Rd, Ste. 656
        Cooper City, FL 33330
        (954) 212-2184
        (866) 577-0963 fax
        aweisberg@attorneysforconsumers.com